The Appellant brought an Action at Law ag’t the Respondent upon a Bond in the Penalty of 12000 lb. Tob’o conditioned for Paim’t of 6000 lb. Tob’o to which the Deft, pleaded Paiment. There was a Verdict for the Pit. and he had Judgm’t for the Penalty to be discharged on Paiment of the Principal & Interest
The Respond’t exhibits a Bill to be relieved ag’t this Judgm’t setting forth that he by his marriage with the Widow of one *B182 Triplet became possessed of the Estate belonging to his Children And being willing to do the best for them in 1720 bound out Francis Triplet (whom he makes a Deft.) to the Deft. Lutwidge who was Master of a Ship And the Bond aforesaid was given for Paim’t of the Apprentice fee viz. 6000 lb. Tob’o which Triplet promised to allow out of his Estate when he came of Age
That the Deft. Lutwidge neglected to instruct Triplet according to his Indentures so that he left him 5 or 6 Months before his Time out & was so ignorant in his Business he was forced to turn Bricklayer to get a livelihood
That in 1725 or 26. the Complt. performed great Services for Lutwidge of more than the Value of 6000 lb. Tob’o for w’ch he charged nothing in Regard of his afs’d Bond That the Deft, by letter dated desired the Pit. to' pay a small Sum of Mony for him & he would make him a Present of what else was between them which Sum the Pit. paid That afterwards the Pit. had considerable Dealings with the Deft. & settled several Acco’ts particularly one for 24626 lbs. Tob’o &23.11.4. & the Bond never brought to Acc’t So that Pit. never expected to be charged with it Apprehending the Deft, intended to acquit the same for the Pits, great Services
That the Deft. Triplet after he came of Age recovered his whole Estate of the Pit. without allowing the said 6000 lb. Tob. And Pit. therefore prays to be relieved either against the said Judgm’t or ag’t Triplet
The Deft. Lutwidge pleads the Verdict & Judgm’t af’d in Bar And also demurs for that there is no Equity in the Bill That the Pit. may have Remedy for his pretended Services at Law That the Court cant decree a Performance of the Agreem’t concerning Triplets Apprenticeship nor assess Damages for the Nonperformance or for the Pits, pretended Services. That the Deft. Lutwidge is no Way concerned in the Transactions between the Pit. & the other Deft. Triplet nor ought they to be a Bar to his having the Effect of his Judgm’t
The County Court overruled this Plea & Demurrer w’ch I conceive is Error
As to the Plea If we may credit Sir E. Coke & other old [171] authorities Anciently it was held that after Judgment at Law a Court of Equity could not interpose upon any Pretence whatsoever 3. Inst. 119. &c. That the Stat. of Premuniré 27. E. 3. 1. prohibits it under great Penalties And the 4. H. 4. c. is *B183 express that after Judgm’t the Parties shall be in Peace till the Judgment is undone by Attaint or Error Thus the Law was taken for some Ages & there are sev’l Instances where in the hardest Cases the Chancery refused to relieve after a Judgm’t at Law And many have been convicted of a Premuniré upon the 27. E. 3. for suing in Chancery after such Judgm’t.
But this Point coming in Question in the Time of James 1. It was by his Command referred to the Attorney & Sollicitor gen’l & other able Lawyers who certified their Opinions that the Chancery might relieve after a Judgment at Law And that the said Statutes 27. E. 3. & 4. H. 4. did not prohibit it And thus it rested for 40 Years till the 22. Car. 2. c.
When An Action was bro’t on the 27. E. 3. for suing in Chancery after Judgm’t at Law The Case is King ag’t Standish & is reported in sev’l Books. 1. Sid. 463. where it seemed to be the Opinion of Keling C. J. & Twysden that the Deft, had incurred the Penalty of the Stat. By 1. Mod. 59. it was adjourned for the Opinion of all the Judges And by 1. Lev. 40. Hale being then C. J. it was his Opinion that the Case was not within the Statute And so nothing further was done in it It was Hales Opinion that the 27. E. 3. did not prohibit the Chancery from examining Judgm’ts at Law & with good Reason because the Chancery as a Court of Equity was not in Esse at that Time but yet he was of Opinion that the 4. H. 4. did restrain the Chancery from examining Judgments at Common Law as appears in Cole & Forth. 1. Mod. 94.
However it must be acknowledged that of late Days the Chancery as it has extended its Power & Jurisdiction in other Instances insomuch that almost all Causes of Moment are first or last determined there So also in this particular of relieving after Judgments at Law Yet this has been very sparingly done where there has been a Verdict & the Merits of the Cause fairly tried as in this Cause And there is less Reason the Chancery should exercise such a Power here where the strict Rules of Law are not very rigidly adhered to either by Judges or Juries And the Deft, having the Liberty of Discount which he has not by the Laws of England he has many Advantages in his Defence which he could not have in England And tho’ it might be mischievious to carry the Point so far as never to give Relief after a Verdict or Judgm’t Yet on the other Hand it would be much more mischievious to countenance it upon all Occasion unless there is *B184 some very apparent Wrong or Jnjustice in the Case And that for 2 Reasons mentioned by Sir E. Coke 3. Inst. 123. 1. That it will draw Matter determinable at the Common Law ad aliud examen which should be tried by a Jury by the fundamental [ 172] Laws of England 2. Every Pit. will choose rather to.begin in Equity whether he must come at last to the Subversion of the Common Law which last Mischief is found pretty true in Experience as I have already observed.
Now it will be proper to observe what is the Wrong & Hardship complained of here to induce this Court to unravel a Judgment upon a Verdict at Law And it really amounts to no more that this that the Compl’t performed great Services for the Deft, for which he charged nothing in Expectation the Deft, would not charge him with the Bond upon which the Judgment was obtained This is the only Pretence that has any Appearance of Hardship As to the other Suggestions in the Bill concerning the Nonperformance of the Articles of Apprenticeship & Triplets Promise to allow the 6000 lb. Tob’o out of his Estate &c. I shall shew presently they cannot be any Reason for unravelling this Judgment
And as to these pretended Services if there were really any such the Compl’t might have made Proof of them upon the Trial at Law And the Jury would have made an Allowance by Way of Discount Perhaps this was done & the Jury thought he deserved nothing If it was not it was the Compl’ts Neglect And Equity will not relieve ag’t such Negligence 1. Ch. Ca. 43.
But besides he does not pretend the Deft, ever promised to give up this Bond in Cons, of those Services tho’ he would endeavour to infer as much from a Letter wherein the Deft, desires him to pay a small Sum & that he would make him a Present of what else was between them But if he had intended to make so considerable a Present as 6000 lb. Tob. he would hardly have mentioned it so slightly the Letter must therefore be taken to relate to the subject Matter upon which it was written viz an Accot. of some Transactions between them that Year And this can never be taken as a Rel. of the Bond either in Law or Equity.
There being therefore really no Equity in the Bill there is likewise a Demurrer to it for that Cause for
1. Admitting there were really Services performed this Court cannot assess Damages for those Services nor give the Pit. a Recompence for them The proper & natural Remedy is an *B185 Action at Law where a Jury will give as much as he reasonably deserved It is a known & settled Rule that a Court of Equity cannot assess Damages Nor give Relief where the Pit. can have Remedy at Law Now this Judgm’t upon the Bond will be no Bar to the Pits, recovering at Law for his Services And therefore this Pretence can be no Reason for impeaching this Judgment.
2. The next Pretence is that the Deft, did not perform the Articles of Apprenticeship but I would fain know what the Pit. has to do with that These Articles are between the Deft. Lutwidge [173] & Triplet And Triplet is intitled to a Recompence for the Breach of them if any be But suppose the Pit. was [sic] what can a Court of Equity do To decree a Performance of them is impossible Nor can they assess Damages for the Breach And I suppose it will not be thought reasonable the whole Apprentice-fee should be lost because some particular Part of the Articles was not performed The Remedy therefore here must be at Law to recover Damages for the Breach
3. The last Pretence is certainly the strangest in the World It is a Promise made by an Infant which for anything that is pretended Lutwidge was an entire Stranger to Can that then be a Reason that he should not recover at Law because a third Person for whom the Mony was advanced promised to repay it Besides this Promise made by an Infant is ipso facto void Nor did Equity ever enforce the Performance of such a Promise And as to Triplets recoving his whole Estate without allowing for this Tob’o it is nothing to Lutwidge who really gave a valuable Cons, for this Bond according to the Pits, own Shewing viz. by taking Triplet Apprentice
And so I hope it is evident there is no Equity in the Pits. Bill I therefore pray that the County Courts Order may be reversed that the Injunction may be dissolved And the Pit. have the Effect of his Judgment at Law.
Vide 1. Vern. 176. & 316. where Equityrefused to relieve after a Judgment at Law